

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Ross Doughty, Jr.
County Attorney
Uvalde County
Uvalde, Texas

Dear Sir:

Opinion No. O-5952
Re: Construing Article 978-j,
of Vernon's Penal Code,
relative to fishing in
waters of Uvalde County.

You submit the following statement:

"A land owner has constructed a dam upon his land which dam impounds rain water. The dam is constructed on a small creek or depression, and is not upon any State or public stream as recognized by our laws. The dam is not fed by any water from any stream and the lake caused by said dam, is made entirely from rain flood waters. The entire pond and dam are located upon ranch lands owned by an individual and are enclosed by the fence of the individual."

Your original statement is supplemented as follows:

"The artificial pond or lake which I wrote about, is one built upon a creek or slough. This creek or slough heads a number of miles above the pond and the channel thereof, continues on below the pond. The pond was made by the construction of a dirt and rock dam thrown across the channel. The creek or slough never has water in it except when it rains, that is, it has no source of water other than rain water. It is not a navigable stream, and fish would have no means of getting into the pond or out of the pond except when the creek is full of

rain water, and then they would be compelled to come up the creek for many many miles at flood time, and as a matter of fact, it would probably be impossible for them to cover the distance.

"The creek does not have as its source of water supply, any river, nor is it filled from the over-flow of any river, but the creek does have a well defined course."

Under this statement of facts, you wish to be advised:

"1. We would like to know if it is unlawful to take fish from such pond or tank under the following Statute, which is applicable to Uvalde County, to-wit:

"Art. 978--j, note, Vernon Annotated Penal Code, which reads in part as follows:

"'Section 1. It shall be unlawful to fish for, or attempt to take or catch fish in any of the waters of Uvalde County during the months of March, April and May of any year, and any person who attempts to take or catch fish in Uvalde County during the closed season provided for in this act, shall be deemed guilty of a misdemeanor and upon conviction shall be fined in the sum of not less than Ten Dollars ($10) nor more than Fifty Dollars ($50).'

"2. If it is lawful to take fish from such pond, is it lawful to transport them over the highway from the pond to the home of the person having said fish."

In the case of Jones v. State (1931), 45 S. W. (2d) 612, our Court of Criminal Appeals construed Articles 924, 925, 931, 933 and 951, Penal Code, 1925, and held that the Legislature cannot interfere with the fishing privilege of the owners of private ponds having no communication

through which fish were accustomed to pass to other waters. This and other cases are cited and discussed in our Opinion No. 0-2343, a copy of which is herewith enclosed.

The facts in the above mentioned case are substantially the same as set forth in your request. The Legislature is presumed to have known the law announced in said case and did not intend by the phrase, "in any of the waters of Uvalde County," to include waters in privately owned pools, ponds, tanks or lakes over which it had no authority to interfere with the privilege of the owners thereof from taking fish therefrom.

Based upon the facts stated in your request and the authority cited above, it is our opinion that the provisions of Article 978-j does not apply to the taking of fish from the pool or tank described in your request. It is also our opinion that the owner of said pool or tank, or any other person with the consent of the owner, may lawfully take fish therefrom at any time and lawfully transport them over the highway from the pond to the home of the person having said fish.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Bruce W. Bryant
Assistant

BWB:db

Enclosure